STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF CARLTON           SIXTH JUDICIAL DISTRICT

---

Colleen Began,

    Plaintiff,

vs.

Sappi Cloquet, LLC, Mike Schultz, and
Michael Michaud,

    Defendants.

Court File No.: _____
Case Type: 7 - Employment

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO DEFENDANT SAPPI CLOQUET, LLC, c/o REGISTERED AGENT, CORPORATION SERVICE COMPANY, 2345 Rice Street, Suite 230, Roseville, Minnesota 55113:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    HALUNEN LAW
    1650 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402
    Telephone: 612-605-4098
    Facsimile: 612-605-4099

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT A**

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 13, 2017

HALUNEN LAW

*[signature]*

Clayton D. Halunen, #219721
Ross D. Stadheim, #392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099
halunen@halunenlaw.com
stadheim@halunenlaw.com

*ATTORNEYS FOR PLAINTIFF*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CARLTON | SIXTH JUDICIAL DISTRICT |

Court File No.: _____

Case Type: 7 – Employment

Colleen Began,

    Plaintiff,

vs.

Sappi Cloquet, LLC, Mike Schultz, and Michael Michaud,

    Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Colleen Began ("Plaintiff"), for her Complaint against Defendants Sappi Cloquet, LLC ("Defendant or Sappi"), Mike Schultz ("Defendant or Schultz"), and Michael Michaud ("Defendant or Michaud") states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the City of Barnum, County of Carlton, State of Minnesota.

2. At all times relevant hereto, Plaintiff applied and was offered employment by Sappi, with its registered office address at 2345 Rice Street, Suite 230, Roseville, MN 55113. Plaintiff's place of employment, had her conditional job offer not been unlawfully revoked, would have been 2201 Avenue B East, Cloquet, MN 55720.

3. Schultz is the Managing Director of Sappi's Cloquet Paper Mill. He is a resident of the City of Esko, County of Carlton, State of Minnesota.

4. Michaud is the Manager of Human Resources for Sappi's Cloquet Paper Mill. He is a resident of the City of Cloquet, County of Carlton, State of Minnesota.

5. The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve violations of state law. Venue is proper as all relevant actions occurred in the County of Carlton, State of Minnesota.

## FACTS

6. For years, Plaintiff had always been interested in a career with Sappi. In 2015, she acted on that desire and underwent a lengthy and vigorous hiring process at Sappi, which included a pre-employment test, mill tour, application, interview, pre-employment physical, ergonomics assessment, drug screening, and background check.

7. On August 9, 2015, Plaintiff sent an inquiry to Sappi regarding the application process. Shortly after, she took the pre-employment screening test. On November 12, 2015, Sappi informed Plaintiff that she passed the pre-employment test—finishing in the top 10%. On November 17, 2015, Plaintiff attended a two-hour long mill tour. At the end of the tour, she filled out a formal application. Shortly after, Sappi formally interviewed Plaintiff. In January 2016, Sappi informed Plaintiff that she was officially placed in the hiring pool.

8. Months later, in July 2016, Sappi called Plaintiff with a job offer, contingent upon the successful completion of a pre-employment physical, ergonomics assessment, drug screening, and background check. Plaintiff completed and passed all of these conditional requirements.

9. On August 4, 2016, during the physical, Plaintiff disclosed her complete medical history—including that she had back surgery 6 to 7 years ago and that she ruptured an ear drum as a child. As noted in the Medical Examination Form provided to Sappi, neither of these medical conditions required any accommodations or would have prevented Plaintiff from performing the essential functions of her job. Indeed, Plaintiff's surgery resolved her back issues and her hearing impediment was deemed not significant enough by the examining physician to warrant any

concern that she would not be able to perform the essential functions of her job. After the physical examination and a review of the essential requirements of the Mill Reserve position, the physician concluded that Plaintiff was:

> "Physically and medically capable of performing the essential duties of the position efficiently within the physical requirements and environments (as stated above) and without hazard to themselves or others."

10. In addition, the examining physician's report stated that Plaintiff's "physical abilities match the functional requirements of the job description," and that modifications of the job or changes in Plaintiff's physical abilities would not be necessary in order for her to perform the job's requirements.

11. As previously stated, Plaintiff passed each and every one of the tests Sappi required. Yet, on August 11, 2016, Sappi revoked the conditional job offer; informing her that she could not be hired based on the results of the pre-employment physical.

12. On August 12, 2016, Plaintiff reached out to Sappi's HR Manager, Mike Michaud, and asked why Sappi revoked the job offer. Also during this phone call, she asked that Sappi reconsider its decision. Michaud took note and stated that he would get back to her. He returned Plaintiff's call on August 16, 2016, and told her that the decision stood, presumably after consulting with Defendant Schultz who runs the Cloquet Mill. Despite Plaintiff's repeated requests for a more specific explanation, Michaud refused.

13. Afterward, in August and September 2016, Plaintiff exchanged emails with Schultz. In those emails, Plaintiff asked Schultz and/or Michaud to grant her employment because she had passed every requirement.

14. In one of those emails dated September 9, 2016, Plaintiff explained to Schultz that she passed every test conditioned for her to secure employment, and that she believed she was

3

being "discriminated against" by means of Sappi's revocation of the job offer. Schultz replied that there was nothing that could be done.

15. On September 13, 2016, Michaud informed Plaintiff that Schultz had "shared" with him all of the emails she had sent to him and that Sappi's decision was now absolutely final. He demanded that she cease all communications with the company, which was another act of retaliation as Plaintiff's husband, Peter Began, remains a current employee of the company.

16. Before revoking Plaintiff's offer of employment, Sappi never conducted an individualized inquiry into Plaintiff's perceived disabilities. Instead, the only explanation as to why Plaintiff had her job offer revoked was because Sappi disregarded the medical examiner's professional opinion and unilaterally determined, without any individualized inquiry, that her medical history precluded her from employment. Moreover, Sappi did not engage in any interactive process to determine what sort of accommodations she needed for her perceived disabilities, if any.

17. As a direct and proximate result of Defendants' illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## CLAIMS

### COUNT ONE
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT
### (AGAINST DEFENDANT SAPPI)

Plaintiff realleges each and every paragraph of this Complaint.

18. Defendant Sappi, through its managers and officials acting on behalf of the company and within the scope of their employments, engaged in unlawful employment practices

4

involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.* These practices include, but are not limited to: unlawfully revoking Plaintiff's conditional job offer because she was perceived as or regarded as disabled.

19. Defendant Sappi failed to take all reasonable steps to prevent discrimination based upon Plaintiff's perceived or regarded disabilities from occurring.

20. Plaintiff's perceived or regarded disabilities were motivating factors in Defendant's revocation of her conditional job offer.

21. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her perceived or regarded disabilities.

22. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

23. As a direct and proximate result of Defendant Sappi's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT TWO
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT
## (AGAINST DEFENDANT SAPPI)

Plaintiff realleges each and every paragraph of this Complaint.

24. Defendant Sappi, through its managers and officials acting on behalf of the Defendant and within the scope of their employments, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.*

5

These practices include, but are not limited to: failing to engage in the interactive process or even offer to reasonably accommodate Plaintiff's perceived or regarded disabilities.

25. Defendant repeatedly failed to take all reasonable steps to reasonably accommodate Plaintiff's perceived or regarded disabilities.

26. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her perceived or regarded disabilities.

27. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

28. As a direct and proximate result of Defendant Sappi's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

### COUNT THREE
### REPRISAL DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT
### (AGAINST ALL DEFENDANTS)

Plaintiff realleges each and every paragraph of this Complaint.

29. Defendant Sappi, through its managers and officials acting on behalf of the company and within the scope of their employments, and Defendants Schultz and Michaud individually, engaged in unlawful practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.15. These practices include, but are not limited to engaging in reprisal discrimination against Plaintiff, which resulted in the final standing of the revocation of

her conditional job offer and the directive to cease all communications with Defendant Sappi after she objected to and reported discrimination.

30. The Minnesota Human Rights Act makes it an "unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator [or] employer" to engage in any reprisal against a person who reported the discrimination. Minn. Stat. § 363A.15.

31. Defendants failed to take all reasonable steps to prevent reprisal discrimination, directed at Plaintiff, from occurring.

32. The effect of the practices complained of above has deprived Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of Defendants' reprisal discrimination.

33. The unlawful employment practices complained of above were intentional and were performed by Defendants with malice and/or reckless indifference to anti-discrimination laws, which protect Plaintiff.

34. As a direct and proximate result of Defendants' illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

**COUNT FOUR**
**TORTIOUS INTERFERENCE WITH**
**BUSINESS RELATIONS**
**(AGAINST DEFENDANTS SCHULTZ AND MICHAUD)**

Plaintiff realleges each and every paragraph of this Complaint.

35. Defendants Schultz and Michaud were third parties to a potential employment relationship between Plaintiff and Defendant Sappi set to commence.

36. Defendants Schultz and Michaud acted with the conscious and deliberate intent to procure Sappi's revocation of Plaintiff's conditional job offer.

37. Defendants Schultz and Michaud's conduct was independently tortious, unjustified, and motivated by malice and bad faith, personal ill will, spite, hostility, and/or a deliberate attempt to harm Plaintiff.

38. As a direct and proximate result of Defendant Schultz and Michaud's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a) That the practices of Defendants complained of herein be adjudged, decreed and declared to be in violation of the rights secured to Plaintiff by state law.

b) That Defendant be required to make Plaintiff whole for its adverse, retaliatory, and unlawful actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c) That Plaintiff be awarded front pay and the monetary value of any employment benefits she would have been entitled to as an employee of Defendant Sappi.

d) That a permanent prohibitory injunction be issued prohibiting Defendants from engaging in the practices complained of herein.

e) That Plaintiff be awarded compensatory damages in an amount to be determined at trial.

f) That Plaintiff be awarded treble damages as permitted by statute.

g) That the Court award Plaintiff her attorneys' fees, costs, and disbursements pursuant statute.

h) That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

January 13, 2017

**HALUNEN LAW**

_____
Clayton D. Halunen, #219721
Ross D. Stadheim, #0392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: 612.605.4098
Facsimile: 612.605.4099
halunen@halunenlaw.com
stadheim@halunenlaw.com

*ATTORNEYS FOR PLAINTIFF*

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

January 13, 2017

_____
Ross D. Stadheim

9